IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIKAL SHANTON WATSON, | * |
| Plaintiff, | * |
| vs. | *  CIVIL ACTION NO. 22-00502-KD-B |
| JOHN DOE, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

Plaintiff Mikal Shanton Watson filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983 while he was detained at the Mobile County Metro Jail. (Doc. 1). This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) and is presently before the Court due to Watson's failure to pay the initial partial filing fee as directed.

The record reflects that on January 24, 2023, the Court granted Watson's motion to proceed without prepayment of fees (Doc. 4) and ordered Watson to pay an initial partial filing fee of $27.43[1] by February 24, 2023. (Doc. 5). In the order, the Court

---

[1] The Court calculated Watson's $27.43 initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1), which provides, in relevant part:

> The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law,

expressly advised Watson that he was required to pay the $27.43 initial partial filing fee before this case could proceed further and warned Watson that failure to comply with the order within the prescribed time would result in the dismissal of this action. (Id. at 1-2). The order was mailed to Watson at the Mobile County Metro Jail address listed on each of his filings in this action.

To date, Watson has not paid any portion of the $27.43 initial partial filing fee, despite being ordered to pay the fee by February 24, 2023. Watson has not requested additional time to pay the initial partial filing fee, he has not indicated that he is unable to pay the initial partial filing fee, and he has not provided any other explanation for his failure to pay the initial partial filing fee as directed. The Court's January 24, 2023 order for Watson to pay the initial partial filing fee has not been returned to the Court as undeliverable, and an online search reflects that Watson remains incarcerated at the Mobile Country Metro Jail.

---

an initial partial filing fee of 20 percent of the greater of--

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

28 U.S.C. § 1915(b)(1).

A court "may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order." Smith v. Bruster, 424 F. App'x 912, 914 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 41(b); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005)). "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, 432 F.3d at 1339.

As noted previously, Watson has made no apparent attempt to comply with the Court's order to pay the initial partial filing fee. Nor has Watson explained his failure to comply with the Court's order, indicated that he is unable to comply, or sought additional time within which to comply. Watson's lack of response suggests that he has lost interest in and abandoned the prosecution of this action. In light of Watson's failure to prosecute this action and failure to obey this Court's order, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule

3

41(b) and this Court's inherent authority, as it appears no lesser sanction will suffice.[2]

If Watson disputes the finding that he failed to comply with the Court's order directing him to pay the initial partial filing fee by authorizing payment of the filing fee by jail officials, he must set forth in an objection to this report and recommendation the reasons for his failure to pay.  See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with the order to pay a partial filing fee).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

[2] The Court notes that Watson complains of acts or omissions that occurred on or about July 23, 2021.  (See Doc. 1 at 4).  In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, under the circumstances, dismissal of this action without prejudice would not be tantamount to dismissal with prejudice, because Watson would have the ability to refile his claims prior to the expiration of the statute of limitations.

4

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **13th** day of **March, 2023.**

                                        **/S/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**